Lauren M. Hausman (CA Bar No. 349514)
Copycat Legal PLLC
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877)-437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
AUGUST IMAGE, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, | Civil Action No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| THE MCCLATCHY COMPANY, LLC d/b/a MAMAS UNCUT and MAMAS UNCUT LLC, | |
| Defendants. | |

Plaintiff August Image, LLC ("Plaintiff") sue defendants The McClatchy Company, LLC d/b/a Mamas Uncut ("McClatchy Company") and Mamas Uncut LLC ("Mamas Uncut") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.      McClatchy Company is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1601 Alhambra Blvd, Suite 100, Sacramento, CA 95816. McClatchy Company's agent for service of process is CT Corporation System, 330 N Brand Blvd, Ste #700 Glendale, CA 91203.

3.      Mamas Uncut is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 2600 Two Gun White Calf Road, Big Sky, MT 59716. Mama's Uncut's agent for service of process is Lisa Marino, 2600 Two Gun White Calf Road, Big Sky, CA 59716.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.       This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise

2

of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

## FACTS

### I.     Plaintiff's Business

7.     From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

8.     Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

9.     Plaintiff sets itself apart from others because it is knowledgeable

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

## II.    The Work at Issue in this Lawsuit

10.    Danielle Levitt, Mark Seliger, Erik Carter, Greg Williams, and Amy Harrity are some of the many photographers represented by Plaintiff.

11.    Danielle Levitt is a photographer and film director who has two decades of work documenting celebrity, music, fashion, and art.  Ms. Levitt's unique ability to create connections has allowed her to break down barriers and exude agency and intimacy in her work.  Based in New York and Los Angeles, Ms. Levitt has strong cultural ties in both cities which impacts her projects, including her innovative process.  Ms. Levitt's work can be viewed on her professional website (at https://www.daniellelevitt.com/).

12.    Mark Seliger, born in Amarillo Texas, became the Chief Photographer for Rolling Stone between the years 1992-2002, for which he shot over 175 covers. Most of his work can be seen in Vanity Fair, Italian Vogue, Harper's Bazaar, Elle and other magazines. He also does advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. Mr. Seliger's work can be viewed on his professional website (at https://www.markseliger.com/).

13.    Erik Carter is a Los Angeles based photographer who specializes in celebrity, documentary, and portrait photography. Originally from Dallas, Texas, Mr. Carter studied theater and directed before becoming a photographer. He aims to call attention to the Black and LGBTQIA+ communities to advocate and support his subject's voices. His work has appeared in a variety of publications such as the Wall Street Journal, Vanity Fair, The New York Times, The Hollywood Reporter, TIME, Rolling Stone, and many more. Mr. Carter's work can be viewed on his professional website (at https://www.erikcarter.com/).

14.    Greg Williams is an English photographer, filmmaker, and educator. For over 20 years, Mr. Williams has been an official Bond photographer for the James Bond film franchise. Mr. Williams established his reportage style as a

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

photojournalist in the 1990's covering war zones in Burma, Chechnya, and Sierra Leone. He has shot 'specials' on over 200 movies, had exclusive access to BAFTA, the Golden Globes, and the Oscars, and worked with Daniel Craig to conceptualize the design for the Leica Q2 camera. His education platform, Skill Faster, is home to successful photography courses. His work can be viewed on his professional website (at https://gregwilliams.com/) and Instagram – where he has over one million followers (at https://www.instagram.com/gregwilliamsphotography/).

15.    Amy Harrity is an established editorial and commercial photographer currently living in Los Angeles. Known for her sensitive and playful approach to capturing images, Ms. Harrity's work embodies a deep emotional context with striking simplicity and quiet confidence. Each image focuses on human emotions, refining the subject's personal experiences to images that ripple with honesty. Ms. Harrity has worked with several clients such as Adidas, Dockers, Glamour, Nordstrom, Rolling Stone, Vogue, In-Style Magazine, and more. Ms. Harrity's work can be viewed on her professional website (at https://amyharrity.com/Overview).

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

16.   Ms. Levitt created a professional photograph of Canadian actor and musician Finn Wolfhard titled "AU2147817" (the "First Photograph").

17.   Ms. Levitt is the owner of the First Photograph and has remained the owner at all times material hereto.

18.   Mr. Seliger created a professional photograph of English actor and musician Idris Elba titled "AU2160243" (the "Second Photograph").

19.   Mr. Seliger is the owner of the Second Photograph and has remained the owner at all times material hereto.

20.   Mr. Carter created a professional photograph of American actor Michael Gandolfini titled "AU2289757" (the "Third Photograph").

21.   Mr. Carter is the owner of the Third Photograph and has remained the owner at all times material hereto.

22.   Mr. Williams created a professional photograph of English actor Daniel Craig titled "AU1114905" (the "Fourth Photograph").

23.   The Fourth Photograph was first published in the United Kingdom for a United Kingdom publication.

24.   Under the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), to which both the United States and the United Kingdom are parties, Mr. Williams' exclusive rights in the Fourth

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Photograph are protected by U.S. copyright law.

25.    Pursuant to the terms of the Berne Convention and the implementing statutes in the signatory countries thereto, each signatory country is obligated to give the same protection under its copyright laws to a work originating in another of the signatory countries as it would to a work originating within that country. Thus, each signatory country of the Berne Convention is obligated to recognize and enforce Mr. Williams' copyrights as they would if the Fourth Photograph had originated in that country.

26.    The Fourth Photograph qualifies as a Berne Convention work (as it originated in the United Kingdom), and registration is therefore not required in the United States.

27.    Mr. Williams is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

28.    Ms. Harrity created a professional photograph of American TV personality Elizabeth Chambers titled "AU2488370" (the "Fifth Photograph").

29.    Ms. Harrity is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

30. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, and Fifth Photograph are collectively referred to herein as the "Work."

31. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for each such photograph (other than the Fourth Photograph which, as described above, is protected under the Berne Convention), and one or more screenshots of the alleged infringement of each such photograph.

32. The First Photograph, Second Photograph, Third Photograph, and Fifth Photograph were registered by their respective photographers/owners with the Register of Copyrights and were assigned a registration number thereby. True and correct copies of each Certificate of Registration pertaining to the First Photograph, Second Photograph, Third Photograph, and Fifth Photograph are attached hereto as **Exhibit "B."**

33. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work,

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendants' Unlawful Activities

34. McClatchy Company is a digital media/news company providing public interest journalism to 30 markets across America reaching over 65 million readers monthly.

35. McClatchy Company advertises/markets its business primarily through its website (https://www.mcclatchy.com/), social media (e.g., https://www.facebook.com/McClatchyCo/# and https://x.com/mcclatchy), and other forms of advertising.

36. Mamas Uncut previously owned and operated a website (https://www.mamasuncut.com/) and associated media assets which catered to Q&A, viral news and trends on topics ranging from parenting, product reviews,

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

celebrity parenting, and parenting humor.

37.   On multiple dates during its ownership of the foregoing media assets, Mamas Uncut displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

38.   True and correct copies of screenshots of Defendants' website, webpage, social media, and/or printed media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

39.   Following the above-described conduct, Mamas Uncut and McClatchy Company entered into an agreement whereby McClatchy Agreement purchased Mamas Uncut's media assets, including but not limited to the website (https://www.mamasuncut.com/) and all contents thereon.

40.   Following the purchase of Mamas Uncut's media assets, McClatchy Company displayed and/or published the infringing content on the same website, but updating each such page to include banners indicating McClatchy Company's ownership/control thereof while also updating multiple other pages to indicate McClatchy Company's ownership/control:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

**mamas**
**uncut**
Part of the McClatchy Media Network

41.    McClatchy Company subsequently rebranded "Mamas Uncut" to "Mod Moms Club," with the https://www.mamasuncut.com/ website now being re-directed to https://modmomsclub.com/.

42.    Defendants are not and have never been licensed to use or display the Work.  Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

43.    Defendants utilized the Work for commercial use.

44.    Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

45.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on November 16, 2023.  Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.

46.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (First Photograph, Second Photograph, and Third Photograph)

47. Plaintiff re-alleges and incorporates paragraphs 1 through 46 as set forth above.

48. The First Photograph, Second Photograph, and Third Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

49. Ms. Levitt owns a valid copyright in the First Photograph, having registered it with the Register of Copyrights.

50. Mr. Seliger owns a valid copyright in the Second Photograph, having registered it with the Register of Copyrights.

51. Mr. Carter owns a valid copyright in the Third Photograph, having registered it with the Register of Copyrights.

52. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Photograph, Second Photograph, and Third Photograph by the subject photographer(s)).

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

53.   As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Second Photograph, and Third Photograph, Defendants had access to the First Photograph, Second Photograph, and Third Photograph prior to their own reproduction, distribution, and public display of the First Photograph, Second Photograph, and Third Photograph on Defendant's website, webpage, social media, and/or printed media.

54.   Defendants reproduced, distributed, and publicly displayed the First Photograph, Second Photograph, and Third Photograph without authorization from Plaintiff.

55.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

56.   Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Notably, Defendants themselves utilize a copyright disclaimer on their website ("Copyright © 2025 Mamas Uncut"), indicating that Defendants understand the importance of copyright protection/intellectual property rights and are actually representing that they own each of the

photographs published on their website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography such as the First Photograph, Second Photograph, and Third Photograph is generally paid for and cannot simply be copied from the internet.

57.   Plaintiff has been damaged as a direct and proximate result of

Defendants' infringement.

58.    Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First Photograph, Second Photograph, and Third Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First Photograph, Second Photograph, and Third Photograph, which amounts shall be proven at trial.

59.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

60.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

61.    Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the First Photograph, Second Photograph, and Third Photograph;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for the First Photograph, Second Photograph, and Third Photograph;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Photograph, Second Photograph, and Third Photograph or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT

17

**(Fourth Photograph and Fifth Photograph)**

62.    Plaintiff re-alleges and incorporates paragraphs 1 through 47 as set forth above.

63.    The Fourth Photograph and Fifth Photograph are original works of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

86.    Mr. Williams owns a valid copyright in the Fourth Photograph, as recognized by the Berne Convention.

87.    Ms. Harrity owns a valid copyright in the Fifth Photograph, having registered the Fifth Photograph with the Register of Copyrights.

88.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Fourth Photograph and Fifth Photograph by the subject photographer(s)).

89.    As a result of Plaintiff's reproduction, distribution, and public display of the Fourth Photograph and Fifth Photograph, Defendants had access to the Fourth Photograph and Fifth Photograph prior to their own reproduction, distribution, and public display of the Fourth Photograph and Fifth Photograph on their website, webpage, social media, social media, and/or printed media.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

90.    Defendants reproduced, distributed, and publicly displayed the Fourth Photograph and Fifth Photograph without authorization from Plaintiff.

91.    By its actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

92.    Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

93.    Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Fourth Photograph and Fifth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Fourth Photograph and Fifth Photograph, which amounts shall be proven at trial.

94.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

95.    Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Fourth Photograph and Fifth Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Fourth Photograph and Fifth Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

DATED: November 3, 2025                **COPYCAT LEGAL PLLC**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

By: /s/ Lauren Hausman
        Lauren Hausman, Esq.
        Attorney for Plaintiff
        August Image, LLC

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228